UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

        - against -                                  **MEMORANDUM & ORDER**

JOSEPH AGATE, *et al.*,                             08-CR-76 (NGG)

               Defendants.
----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

On February 26, the Government moved to designate this case complex under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii). This case involves 62 defendants who are charged with 80 counts alleging crimes committed over more than thirty years. The first count of the Indictment alone alleges 56 predicate RICO acts – including seven murders, murder conspiracies or attempted murders, more than a dozen separate extortion schemes, robbery, narcotics trafficking, theft, loansharking, illegal gambling, money laundering, securities fraud, mail fraud, embezzlement and bribery. (See Docket Entry # 1.) At this early stage of the litigation, the Government has already produced a significant amount of discovery: wiretap recordings and other evidence spanning more than 30 months and 50 different telephone lines and consisting of about 1000 hours of recorded conversations. (See Letter from the Government to the Court dated February 26, 2008 at 1 (Docket Entry # 339).) In addition, the Government has produced more than 500 hours of recorded consensual conversations spanning an approximately three-year period and has told the court that search warrants executed at 10 different locations have yielded a total of almost 500 boxes of documents and more than 20 computers. (Id.)

All defendants except for Charles Carneglia, Domenico Cefalu, Joseph Corozzo, John D'Amico, Vincent Decongilio, Louis Filippelli, Ronald Flam, Anthony Licata, Antony O'Donnell, Steven Sabella, William Scotto, and Arthur Zagari have consented to the exclusion of time under the Speedy Trial Act from the date of arraignment until today's status conference. Under the Speedy Trial Act, codified at 18 U.S.C. § 3161(c)(1), a defendant's trial must begin within 70 days of his indictment or appearance before a judicial officer, whichever occurs later. However, in determining whether a continuance would serve the ends of justice, this court may consider whether the case is so complex that, absent a continuance, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings. See 18 U.S.C. § 3161(h)(8)(B)(ii).

In this case, the court finds that the ends of justice are best served by designating this case a complex one. The court has considered the large number of defendants here – 62 – and the nature of this complicated prosecution, which charges 80 counts, dozens of crimes committed over three decades, and a large volume of recordings and documents. I find that, absent a continuance based on complexity under the Speedy Trial Act, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings. See United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1197-98 (2d Cir. 1989) (eight defendant 470-count case appropriately designated complex within district court's broad discretion); see also, e.g., United States v. Hernandez, 862 F.2d 17 (2d Cir. 1988) ("It was hardly an abuse of discretion to hold a 19-defendant case complex.").

Moreover, the court finds the above-named defendants' specific objections to the Government's motion to be unfounded. The Government is granted broad discretion under the law to bring a wide-ranging Indictment against 62 defendants, even if that brings with it concomitant administrative difficulties for the court and the defendants. Individual defendants

cannot "cherry pick" the issues that apply only to them in objecting to a case being designated complex. Furthermore, failure to prepare an adequate defense to these charges could constitute malpractice, and this court will simply not condone it.

Therefore, I grant the Government's motion to designate this case a complex case under the Speedy Trial Act for all defendants until further Order of the court. The court also notes the presence of additional bases for the exclusion of time that have been noted on the record during the status conferences held today and yesterday including, <u>inter alia</u>, motion practice initiated by various defendants and the non-appearance in the case by some co-defendants.

SO ORDERED.

Dated: February 28, 2008  /s Nicholas G. Garaufis
Brooklyn, New York  NICHOLAS G. GARAUFIS
United States District Judge