UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
UNITED STATES OF AMERICA,

                    -against-

JOSEPH AGATE, et al.,

                    Defendants.
----------------------------------------x

MEMORANDUM
& ORDER
IN PREPARATION
FOR
RESTITUTION
HEARING

08-CR-76

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 16 2009 ★
BROOKLYN OFFICE

JACK B. WEINSTEIN, Senior United States District Judge:

    As the parties are aware, the restitution issues to be heard on February 26, 2009 are complex and somewhat puzzling. This memorandum and order is intended to focus the hearing and assist the parties and the court in coming to an appropriate conclusion. Based on the information presently available, the court has developed restitution charts organized by victim which provide: 1) the scheme that caused the loss; 2) the defendants who may be liable for restitution (because they pled guilty to the scheme or to RICO conspiracy); and 3) the restitution order that should be imposed according to the government, probation, and the victim (if the victim has provided any information).

    All amounts are proposed under joint and several liability, unless broken down by defendant.

    Some of the loss amounts and some of the defendants listed for each scheme differ between probation's report of April 20, 2008 and the government's submission of October 5, 2008. This is likely due to the fact that probation prepared its summary of restitution obligations prior to the resolution of all the defendants' plea agreements. The offense to which a defendant

1

pled guilty must be the basis for any restitution awarded. Nevertheless, probation's original conclusions are listed below because they may be useful for such purposes as apportioning liability among defendants.

The information in these charts has been pieced together from various submissions. It would be helpful to have a master list in preparation for the evidentiary restitution hearing, indicating for *every* defendant the conduct he or she admitted in the plea, whether there is a mandatory restitution obligation under the statute (and if not, why), the identity of any victim(s), what amount of victim loss the government intends to prove at the hearing, who should be ordered to pay restitution and in what amount, and whether the liability should be joint and several or individual.

The government apparently argues that a defendant is liable in restitution for all victims of reasonably foreseeable acts of co-conspirators in the offense to which the defendant pled guilty. Thus, for the defendants who pled guilty to RICO conspiracy, the government seeks the imposition of a joint and several restitution order covering all the victims' losses relating to predicate acts or substantive counts in the same indictment to which any defendant pled guilty. The government is correct that the law allows for conspiracy-based restitution, but the court in its discretion may also apportion liability among the defendants to reflect their level of contribution to the victim's loss. *See* 18 U.S.C. § 3664(h).

LOCAL 325:

| Scheme | Defendant(s) who pled to scheme | RICO conspiracy defendants | Government's Amt. | Probation's Amt. | Victim's Amt. |
|---|---|---|---|---|---|
| Local 325 Mail Fraud | Joseph Agate, Louis Mosca | Vincent Dragonetti, Joseph Scopo, William Scotto | $37,512 (Agate, Dragonetti, Scopo, & Scotto) | $2,000 (Mosca) | N/A |

Mosca's plea agreement specifies that restitution is not applicable; therefore the government is not seeking restitution from Mosca. The government, however, conceded in its submission of October 4, 2008 that it has no authority to waive a victim's restitution from a defendant under the mandatory statute.

LOCAL 282:

| Scheme | Defendant(s) who pled to scheme | RICO conspiracy defendants | Government's Amt. | Probation's Amt. | Victim's Amt. |
|---|---|---|---|---|---|
| Local 282 Mail Fraud | Sarah Dauria, Joseph Spinnato | N/A | $0 (Vollaro has already paid $850,000+) | $148,805.64 (Cassarino & Dauria), $287,962.94 (Licata), $299,483.90 (Spinnato) | No less than $2,643,530.58 |

The government's submission of October 2, 2008 stated that Spinnato and Dauria, who pled guilty to mail fraud conspiracy, should not be required to pay restitution because John Doe #4 (Joseph Vollaro) had already repaid the union more than $850,000 in restitution and fines, fully compensating it for its losses. Because of this position, the government has not sought to hold Vincent Dragonetti, Joseph Scopo, and William Scotto as "RICO conspiracy defendants"

liable in restitution for this scheme in the manner it suggests that they should be liable for the Local 325 scheme.

The representative of Local 282 informed the court at Dauria's sentencing that for one of the double breasting schemes, it had been able to calculate a loss of $2,643,530.58. The court ordered that she pay restitution in the amount of $2,643,530.58, at a rate of $25 per month. The court indicated its intent that this liability be imposed jointly and severally with Joseph Spinnato, against whom restitution has not yet been ordered. Neither the government nor Dauria's counsel brought to the court's attention at the time of her sentencing the government's prior contention that no defendants should be required to restitute Local 282 because Vollaro had already done so.

**EL CAMINO TRUCKING:**

| Scheme | Defendant(s) who pled to scheme | RICO conspiracy defendants | Government's Amt. | Probation's Amt. | Victim's Amt. |
|---|---|---|---|---|---|
| El Camino Trucking Extortion | William Scotto | N/A | N/A | $5,000 | N/A |

The government's submission of October 2, 2008 stated that as of that date, El Camino Trucking had not requested that a restitution order be imposed. The government has not sought to hold any defendants liable in restitution for this scheme. Under the statute, a restitution order appears mandatory if there is proven loss to the victim. The description of the conduct in the indictment indicates that $5,000 was paid *to* El Camino Trucking by Vollaro. It is unclear whether there was any loss to El Camino Trucking.

## JOHN DOE #4 (JOSEPH VOLLARO):

In total, the government claims Vollaro is entitled to $594,737 in restitution.

| Scheme | Defendant(s) who pled to scheme | RICO conspiracy defendant(s) | Government's Amt. | Probation's Amt. | Victim's Amt. |
|---|---|---|---|---|---|
| Trucking Company Extortion | Robert Epifania, Joseph Scopo | Vincent Dragonetti, William Scotto | $128,800 (Dragonetti, Epifania, Scopo & Scotto) | $128,800 (Cacciopoli, Epifania, & Scopo) | N/A |
| Cement Company Profits Extortion | Robert Epifania, Joseph Corozzo, Thomas Cacciopoli, Mario Cassarino, Louis Filipelli, Ernest Grillo, Vincent Pacelli | Nicholas Corozzo, Vincent Dragonetti, Joseph Scopo, William Scotto | $54,496 (Cacciopoli, Cassarino, J. Corozzo, N. Corozzo, Dragonetti, Epifania, Filipelli, Grillo, Pacelli, Scopo, & Scotto) | $62,496 (Cacciopoli, Cassarino, Cefalu, J. Corozzo, N. Corozzo, D'Amico, DiMaria, Epifania, Filipelli, Grillo, & Pacelli) | N/A |
| Cement Company Sale Extortion | Leonard DiMaria, Joseph Corozzo, Domenico Cefalu, John D'Amico, Augustus Sclafani, Joseph Scopo | Nicholas Corozzo, Vincent Dragonetti, William Scotto | $8,000 (Cefalu, J. Corozzo, N. Corozzo, D'Amico, DiMaria, Dragonetti, Sclafani, Scopo, & Scotto) | $8,000 (DiMaria) | N/A |
| Cement Powder Deliveries Extortion | Vincent Dragonetti | Joseph Scopo, William Scotto | $6,000 (Dragonetti, Scopo, & Scotto) | $2,000 (DiMaria), $4,000 (Dragonetti & N. Corozzo) | N/A |

| | | | | | |
|---|---|---|---|---|---|
| Liberty View Harbor Construction Site Extortion | Anthony Scibelli, Arthur Zagari, Vincent Dragonetti, Nicholas Corozzo | Joseph Scopo, William Scotto | $221,741 (N. Corozzo, Dragonetti, Scibelli, Scopo, Scotto, & Zagari) | $96,345 (Dragonetti & N. Corozzo), $19,611 (DiMaria), $246,220 (Scibelli) | N/A |
| NASCAR Construction Site Extortion | Frank Cali, Mario Cassarino | Nicholas Corozzo, Vincent Dragonetti, Joseph Scopo, William Scotto | $8,000 (Cali, Cassarino, N. Corozzo, Dragonetti, Scopo, & Scotto) | $8,000 (Cassarino & N. Corozzo) | N/A |
| Polakoff and Kilgannon Payoff | Todd Polakoff, William Kilgannon | | $9,000 (Polakoff & Kilgannon) (Kilgannon stipulated to and paid $4,500) | $4,500 (Polakoff), $4,500 (Kilgannon) | N/A |
| Excavation Company Extortion | Leonard DiMaria | Nicholas Corozzo, Vincent Dragonetti, Joseph Scopo, William Scotto | $35,000 (N. Corozzo, DiMaria, Dragonetti, Scopo, & Scotto) | $16,500 (DiMaria), $18,500 (N. Corozzo & Dragonetti) | N/A |
| Extortion of John Doe #4 and #12 | Jerome Brancato, Joseph Chirico | Nicholas Corozzo, Vincent Dragonetti, Joseph Scopo, William Scotto | $4,000 (Brancato, Chirico, N. Corozzo, Dragonetti, Scopo, & Scotto) | $4,000 (Brancato) | N/A |
| Schiavone Work Extortion | Nicholas Calvo, Michael King | Vincent Dragonetti, Joseph Scopo, William Scotto | $119,700 (Calvo, Dragonetti, King, Scopo, & Scotto) | $115,000 (Calvo & King) | N/A |

6

While defendant Gino Cracolici is identified as owing $3,000 in restitution to Vollaro in probation's memo of April 20, 2008 for a Mayrich Construction Site Extortion, he did not plead guilty to that conduct. There appears to be no ground for restitution against Cracolici.

## LOCAL 731 AND ADCO ELECTRICAL CORPORATION:

The government's submission of October 2, 2008 noted that while ADCO Electrical Corporation and Local 731 are identified as victims in probation's memo of April 20, 2008, no defendants pled guilty to offenses relating to these entities, thus there should be no restitution to them. They are omitted from the above charts for that reason.

Probation and the government are reminded of the mandatory nature of the statute and that it applies to crimes of violence as well as offenses against property. *See* 18 U.S.C. § 3663A(c)(1)(A)(i). For example, Richard Gotti, Vincent Gotti, and Angelo Ruggiero are defendants who pled guilty to conspiracy to commit murder in aid of racketeering. The victim was shot several times and treated at Jamaica Hospital. Neither the government nor probation has offered any explanation for why these defendants are not listed in their submissions as having restitution obligations for medical expenses and other losses caused to the victim.

The parties are aware of prior discussions of this matter in which the issue was raised with respect to whether restitution for Vollaro should be ordered in any amount in view of his knowing participation in the offenses and benefits he derived from them as an agent of the government.

The court welcomes any written submissions prior to the evidentiary hearing. If written evidence is to be admitted, it should be marked and circulated to the parties, with a copy

provided to the court. If witnesses are to be called, their names, backgrounds, and proposed testimony should be summarized and circulated to the parties, with a copy provided to the court.

SO ORDERED.

S/JBW

Jack B. Weinstein
Senior United States District Judge

Dated: January 16, 2009
Brooklyn, New York